## EZRA DRAKE *vs.* THE INHABITANTS OF STOUGHTON.

A town having appointed a committee for an illegal purpose, with authority to de fend all suits which might grow out of the same, and also voted, that all costs, expenses, and trouble, which the committee might incur in the premises, should be paid by the town; it was held, that the town were not liable for the services of the committee rendered in effecting the purpose of their appointment, but were liable for services performed by them, in defending an action brought against the town on account thereof.

THE plaintiff was one of the receivers mentioned in the last preceding case, and brought this action to recover for services rendered by him in that capacity. Some of the services charged were performed in attempting to get possession of the funds in the hands of the trustees; the residue in meeting and consulting with his colleagues, in consulting with and retaining counsel, and in attending court, in defence of the bill in equity for an injunction.

The presiding judge of the court of common pleas, *Hoar*, J., before whom the trial took place, instructed the jury, contrary to the request of the defendants, that the plaintiff was entitled to recover for such of the services rendered by him as were performed in good faith, as the agent of the town, under the votes of the 22d of March, 1847, with the expectation, at the time, of receiving pay therefor.

The jury thereupon returned a verdict for the plaintiff, and the defendants excepted.

*E. Ames*, for the defendants.

*A. L. Cushing*, for the plaintiff.

DEWEY, J. This case is closely connected with the preceding (*Cushing* v. *Stoughton*); the claim of the plaintiff arising from services performed by him, in relation to the proposed distribution of the surplus revenue deposited with the town of Stoughton.

The plaintiff's claim embraces two classes of services. The first and principal charges are for the services of the plaintiff in making demands upon the trustees holding that fund, to deliver over the same to the plaintiff and others, claiming to be legally constituted receivers, and authorized to distribute the

same among the inhabitants, agreeably to certain votes of the town passed on the 22d of March, 1847, and other charges for services in aid of this object. The purpose for which these services were rendered was an illegal one, and had been so declared by this court in the case of *Simmons* v. *Hanover*, 23 Pick. 188. The plaintiff was one of the inhabitants of Stoughton, and was coöperating with the majority, in the design of withdrawing those funds from the trustees, for the illegal purpose of a distribution thereof, though under color of a loan, to the inhabitants of Stoughton. Such is the character of these services, as rendered by the plaintiff, that no action will lie therefor against the town, upon either an express or an implied assumpsit. All charges for services of this nature should have been rejected.

In relation to the other class of claims, to wit, for attending court to defend the town of Stoughton in the suit in equity, it being in the ordinary course of the administration of town affairs, to appoint agents to defend suits against the town, we think the plaintiff may be entitled to recover for his services, in defending the suit against the town, but strictly limited to that object.

*Exceptions sustained in part and new trial ordered.*